# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>SMITH,<br><br>            Defendant. | Case No.  1:23-cv-00847-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO REMAND ACTION TO STATE COURT<br><br>(ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Isidro Roman ("Plaintiff") is a state prisoner proceeding *pro se* in this action.  On June 2, 2023, Plaintiff filed a notice of removal of this action from the Court of Appeal of the State of California, Fifth Appellate District, Case No. F085571 (Tuolumne County Superior Court, Case No. CV63312).  (ECF No. 1.)

Plaintiff has not filed an application to proceed *in forma pauperis* in this action, and Defendant has not had an opportunity to respond to Plaintiff's notice of removal.  However, the Court finds an *in forma pauperis* application and a response from Defendant unnecessary to address the notice of removal.

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations and citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

1  Plaintiff chose to file this action in state court.  As the plaintiff, he has no right to remove
2  the same action to federal court. *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) ("No right
3  exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the
4  removal of such action to a federal court."); *Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*,
5  843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is
6  clearly limited to defendants.").
7  As the removal was improper, remand of this action to the state court is required. *See*
8  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (where subject matter
9  jurisdiction is lacking, district court required to remand action to state court).
10  Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a
11  District Judge to this action.
12  Furthermore, it is HEREBY RECOMMENDED that this action be REMANDED to the
13  Court of Appeal of the State of California, Fifth Appellate District, Case No. F085571 (Tuolumne
14  County Superior Court, Case No. CV63312).
15  These Findings and Recommendation will be submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**
17  **(14) days** after being served with these Findings and Recommendation, the parties may file
18  written objections with the court.  The document should be captioned "Objections to Magistrate
19  Judge's Findings and Recommendation."  The parties are advised that failure to file objections
20  within the specified time may result in the waiver of the "right to challenge the magistrate's
21  factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing
22  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 2, 2023**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

2